IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

TEAMSTERS LOCAL 237 WELFARE )
FUND, et al., )
)
      Plaintiffs, )
)
v. ) Civ. No. 14-587-SLR
)
ASTRAZENECA PHARMACEUTICALS )
LP, et al., )
)
      Defendants. )

**MEMORANDUM**

At Wilmington this 18th day of November, 2014, having reviewed plaintiffs' motion to remand and the papers submitted in connection therewith; the motion will be granted consistent with the reasoning that follows:

1. **Background.** The above captioned class action was initially filed on November 18, 2004 in the Superior Court of the State of Delaware in and for New Castle County ("the Superior Court"). (D.I. 16, ex. 1) Plaintiffs,[1] six union health and benefit funds that purchased Nexium, alleged that defendants'[2] deceptive and misleading advertising campaign (1) violated the Delaware Deceptive

---

[1] Teamsters Local 237 Welfare Fund; Local 237 Teamsters Retirees' Benefit Fund; Local 237 Teamsters-Plainview-Old Bethpage Central School District Health and Welfare Trust Fund; Local 237 Teamsters-North Babylon School District Health and Welfare Trust Fund; Local 237 Teamsters-Brentwood School District Health and Welfare Trust Fund; and Local 237 Teamsters-Suffolk Regional Off-Track Betting Corporation Health and Welfare Trust Fund.

[2] AstraZeneca Pharmaceuticals LP and Zeneca, Inc.

Acts and Practices Statute, 6 Del. C. §§ 2532, et seq.; (2) violated the consumer protection statutes of all fifty states and the District of Columbia; (3) tortiously interfered with plaintiffs' contract and prospective business relations; and (4) caused defendants to become unjustly enriched. (D.I. 16, ex. 2) On February 16, 2005, plaintiffs amended their complaint, reframing the first cause of action as violating the Delaware Consumer Fraud Act ("DCFA"), 6 Del. C. § 2513, adding additional allegations concerning the deceptive conduct related to the DCFA and tortious inference claims. Plaintiffs also removed the claims based on the consumer protection statutes of other states and the unjust enrichment claim. On May 4, 2005, the Superior Court ordered a stay of the action, with the parties' initial consent, while a consolidated related action ("the PEBTF action") proceeded in this court.[3]

2. Plaintiffs requested relief from the stay order on December 1, 2006 and August 9, 2007, while defendants requested the case remain stayed pending the outcome of the PEBTF action. On October 15, 2007, the Superior Court granted a continuation of the stay. In response to a requested status report, plaintiffs urged the Superior Court to lift the stay on March 27, 2009, while defendants again requested the stay be continued. The Superior Court continued the stay. After the Third Circuit remanded the PBETF action, the Superior Court requested an update and the plaintiffs advocated for lifting the stay on April 7, 2010. On August 16, 2010, plaintiffs informed the Superior Court that this court dismissed the PEBTF action and requested that the

---

[3]See *Pennsylvania Employee Benefit Trust Fund v. Zeneca, Inc.*, Civ. No. 05-75 (D. Del.), which case was closed in May 2010 after the court granted defendant's motion to dismiss.

2

stay be lifted. Defendants did not object and the parties presented a proposed scheduling order. On October 4, 2013, with the stay still in place, defendants moved to dismiss the case for failure to prosecute. On December 17, 2013, the Superior Court denied the motion and lifted the stay. The parties entered into a scheduling stipulation permitting plaintiffs to file the second amended complaint on April 9, 2014. The second amended complaint re-alleged the violations of the DCFA, re-alleged the unjust enrichment claim, added a common law claim for negligent misrepresentation, and removed the tortious inference claims. The second amended complaint also included information regarding defendants' reverse settlements ("pay-for-delay settlements"), entered into in 2008, with potential generic manufacturers of Nexium. (D.I. 3)

3. **Standard.** The federal removal statute, 28 U.S.C. § 1441, is to be "strictly construed against removal and all doubts resolved in favor of remand." *Steel Valley Auth. v. Union Switch & Signal Div.*, 809 F.2d 1006, 1010 (3d Cir. 1987). A motion to remand based on lack of subject matter jurisdiction may be made at any time before final judgment is entered. 28 U.S.C. § 1447(c). The party seeking removal bears the burden of proving that removal is proper, including the burden to establish federal jurisdiction. *Steel Valley*, 809 F.2d at 1010 (citations omitted); *Zoren v. Genesis Energy, L.P.*, 195 F. Supp. 2d 598, 602 (D. Del. 2002); *see also, Abels v. State Farm Fire & Cas. Co.*, 770 F.2d 26 (3d Cir. 1985); *Carlyle Inv. Mgmt., LLC v. Carlyle Capital Corp. Ltd.*, 800 F. Supp 2d 639 (D. Del. 2011).

4. The Class Action Fairness Act ("CAFA") was enacted to "amend the procedures that apply to consideration of interstate class actions to assure fairer

3

outcomes for class members and defendants," in part by expanding federal diversity jurisdiction over class actions. The CAFA is not retroactively applicable. It applies only to civil actions "commenced on or after the date of enactment." CAFA of 2005, Pub. L. No. 109-2, § 9, 119 Stat. 4, 14 (2005). There is no dispute that the original and first amended complaints were filed prior to CAFA's enactment.

5. The Third Circuit, in *Farina v. Nokia Inc.*, 625 F.3d 97 (2010), concluded that state law governs the issue of whether an amended pleading commences a new case. *Id.* at 110-12. Under Delaware Superior Court Rule of Civil Procedure 15(c)(2), an amendment "relates back" when "the claim or defense asserted in the amended pleading arose out of the conduct, transaction, or occurrence set forth or attempted to be set forth in the original pleading." Del. Super. Ct. R. Civ. Proc. 15(c)(2); *see also Parker v. State*, Civ. No. 99C-07-323-JRJ, 2003 WL 24011961, at *6 (Del. Super. Oct. 14, 2003) (citing *Mullen v. Alarmguard of Delmarva, Inc.*, 625 A.2d 258, 262 (Del. 1993) ("Del. Super. Ct. Civ. R. 15 is virtually identical to its counterpart in the Federal Rules of Civil Procedure. Accordingly, throughout this [o]pinion the Court mentions several federal court decisions that have applied the rule on amendments as persuasive authority.").[4]

6. **Discussion.** Plaintiffs concede that this court would have subject matter jurisdiction if CAFA applied and that their second amended complaint must relate back to the first amended complaint to prevent such application. Plaintiffs' second amended complaint contains three paragraphs of factual information regarding defendants' "pay-

---

[4]Both parties have relied on authority analyzing Fed. R. Civ. P. 15(c) in the briefing.

4

for-delay settlements," alleging that in 2008 defendants "sought to protect . . . Nexium profits by delaying generic competition." (D.I. 3 at ¶¶ 7, 114-15) Plaintiffs explain that such tactics allowed "AstraZeneca to maintain its monopoly profits" and prevented plaintiffs from being able to purchase "generic Nexium at significantly lower prices." (*Id.* at ¶¶ 7, 115) These allegations are not the basis for any separate causes of action. "[I]f the amendment merely expands or amplifies what was alleged in the support of the cause of action already asserted, it relates back to the commencement of the action, and is not affected by the intervening lapse of time." *Mullen v. Alarmguard of Delmarva, Inc.*, 625 A.2d 258, 264 (Del. 1993) (superseded by rule as stated in *Schott v. Hechinger Co.*, Civ. No. 96C-06-012, 1997 WL 358306, at *2 (Del. Super. March 20, 1997)) (citing 6 Cyclopedia of Federal Procedure § 18.47). The addition of the three paragraphs of factual information, detailing defendants' pay-for-delay settlements, does not substantially alter plaintiffs' core allegations that defendants fraudulently marketed Nexium in order to increase their profits.

7. The second cause of action for violation of state consumer protection statutes alleges that other states' laws were violated through acts of "unfair competition," as well as "unfair, unconscionable, deceptive, or fraudulent acts."[5] (D.I. 3 at ¶ 140) The use of the language "unfair competition" does not transform this claim into something new.

---

[5] Alternatively, [d]efendants' actions complained of herein also constitute unfair competition or unfair, unconscionable, deceptive or fraudulent acts or practices in violation of various state consumer protection statutes listed below.

(D.I. 3 at ¶ 140)

5

Indeed, the violations of the state consumer protection statutes listed are defendants' "false, misleading and deceptive advertising, marketing and promotion or unfair or deceptive acts or practices." Such allegations do not change the "general fact situation" or "legal theory" on which plaintiffs proceed.[6] *Glover v. F.D.I.C.*, 698 F.3d 139, 146 (3d Cir. 2012) ([O]nly where the opposing party is given "fair notice of the general fact situation and the legal theory upon which the amending party proceeds" will relation back be allowed."); *Bensel v. Allied Pilots Ass'n*, 387 F.3d 298, 310 (3d Cir. 2004) ("[A]mendments that restate the original claim with greater particularity or amplify the factual circumstances surrounding the pertinent conduct, transaction or occurrence in the preceding pleading fall within Rule 15(c)."). The court concludes that the second amended complaint relates back to the original and first amended complaints, therefore, the CAFA does not apply.

8. **Conclusion**. For the aforementioned reasons, plaintiffs' motion to remand (D.I. 14) is granted. An appropriate order shall issue.

United States District Judge

---

[6]Defendants' argument that the false advertising allegations and the pay-for-delay allegations require two distinct factual inquiries in order to establish liability fails as plaintiffs do not assert antitrust causes of action or seek to separately establish liability for the pay-for-delay allegations.

6